DEWEY MACK CLARY v. D. L. NIVENS AND D. W. YOUNG, AS INDIVIDUALS; AND THE CITY OF CHARLOTTE

No. 7126SC541

(Filed 17 November 1971)

**Limitation of Actions § 12; Malicious Prosecution § 7; Rules of Civil Procedure § 15— amendment of complaint — relation back — statute of limitations**

Where plaintiff on 23 March 1970 instituted an action against defendant police officers to recover damages for a false arrest which allegedly occurred on 30 May 1967, and plaintiff, by leave of the court, filed an amended complaint on 18 February 1971 seeking to recover for the same occurrence on theories of false arrest and malicious prosecution, the action for malicious prosecution relates back to the date of the original complaint and is therefore not barred by the three-year statute of limitations, since the original complaint placed defendant on notice of the occurrences to be proved pursuant to the amended complaint. G.S. 1A-1, Rule 15(c).

APPEAL by plaintiff from *Clarkson, Judge,* 26 April 1971 Special Non-jury Session of Superior Court held in MECKLENBURG County.

On 23 March 1970 plaintiff instituted an action against defendant police officers seeking damages arising out of an alleged false arrest on 30 May 1967. On 18 February 1971, by leave of the court, plaintiff filed an amended complaint in which he again sought to recover for false arrest. His amended complaint also alleged a second cause of action seeking to recover on the theory of malicious prosecution. Defendants answered denying the material allegations of the complaint and alleging that the action for false arrest was instituted more than one year after the date of the alleged event and that the same was therefore barred by G.S. 1-54. With respect to the cause of action for malicious prosecution, the defendants denied the material allegations of the complaint and pleaded that plaintiff's amended complaint, seeking to recover on that theory, was not filed until more than three years after 30 May 1967, the date of the alleged event and was therefore barred by G.S. 1-52.

Defendants moved for summary judgment and the same was granted. The court found, in part, as follows:

"And it further appearing that there is no genuine issue as to any material fact before the court, the sole

questions being those of law; that is, whether or not plaintiff's two causes of action as set forth in his Amended Complaint of February 18, 1971 were brought within the time prescribed by N. C. General Statute 1-54 and N. C. General Statute 1-52 respectively. Plaintiff's first cause of action was brought after more than one year from the date that it accrued, and his second cause of action for malicious prosecution was commenced after more than three years had passed from the date that the cause of action had accrued.

"The court finds there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law."

From entry of judgment dismissing the action for malicious prosecution, plaintiff appealed.

*John D. Warren and Warren D. Blair for plaintiff appellant.*

*W. A. Watts for defendant appellees.*

VAUGHN, Judge.

Plaintiff did not except to the dismissal of his claim for false arrest which was properly dismissed as being barred by G.S. 1-54. The question presented is whether plaintiff's claim for malicious prosecution is barred by the Statute of Limitations in that he first sought to recover on this theory in an amended complaint which was filed more than three years after the events which gave rise to the action. The pending action in which the amended complaint was filed had been instituted prior to the expiration of three years from the date of the alleged events. If the amended complaint relates back to the date of the original pleading, plaintiff's action for malicious prosecution is not barred by the Statute of Limitations.

Rule 15 (c) of the North Carolina Rules of Civil Procedure is as follows:

"(c) *Relation back of amendments.*—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or

occurrences, to be proved pursuant to the amended pleading."

It is not necessary to set out the pleadings in this case. It suffices to say that the original pleadings clearly gave "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleadings." In fact, the essential details of the alleged events are alleged in substantially the same fashion in both the original and the amended complaints. Certainly the original pleadings placed defendants on notice of the events involved. It was error, therefore, to dismiss plaintiff's claim for malicious prosecution as being barred by the Statute of Limitations.

Reversed.

Judges BROCK and GRAHAM concur.